IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BRENDA NASALROAD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 15-CV-895-SMY-DGW |
| ) | |
| STANDARD INSURANCE COMPANY ) | |
| and GENCO DISTRIBUTION SYSTEMS ) | |
| LONG TERM DISABILITY PLAN, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Brenda Nasalroad filed this action against Defendants Standard Insurance Company ("Standard") and Genco Distribution Systems Long Term Disability Plan ("Genco") seeking to recover long-term disability benefits under an employee welfare benefits plan pursuant to Section 502(a)(1)(B) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(a)(1)(B).  Pending before the Court is Plaintiff's Motion for Order Regarding the Applicable Standard of Review and Tolling of the Discovery Schedule (Doc. 28).  Plaintiff requests this Court determine the standard of review applicable to Standard's decision to deny Plaintiff's disability benefits.  Plaintiff contends that the standard of review is relevant to the nature and scope of the discovery the parties can take in accordance with Rule 26(b)(1) of the Federal Rules of Civil Procedure.

Under ERISA's civil enforcement provision, § 1132(a)(1)(B), judicial review of a plan administrator's benefits determination is *de novo* unless the plan grants discretionary authority to the administrator.  *Firestone Tire & Rubber Co. v. Bruch,* 489 U.S. 101, 115, 109 S.Ct. 948, 103

1

L.Ed.2d 80 (1989).  Where a qualifying plan gives the administrator discretionary authority to determine eligibility for benefits, the court shall review the administrator's decision to deny benefits under the arbitrary and capricious standard.  *Mote v. Aetna Life Ins.* Co., 502 F.3d 601, 606 (7th Cir. 2007); *Hackett v. Xerox Corp.,* 315 F.3d 771, 773 (7th Cir. 2003).

In this case, it is undisputed that the LTD Policy contains a provision giving Standard discretionary authority to determine Plaintiff's eligibility for long-term disability benefits.  The policy specifically provides that Standard has "full and exclusive authority to control and manage the Group Policy, to administer claims and to interpret the Group Policy and resolve all questions arising in the administration, interpretation and application of the Group Policy" (Doc. 1-1, p. 27).

Ordinarily, the existence of the discretionary clause ends the inquiry and this Court would review Standard's denial of benefits under the arbitrary and capricious standard.  *Hackett*, 315 F.3d at 773.  However, Plaintiff contends that Section 2001.3 of Title 50 of the Illinois Administrative Code ("Section 2001.3"), which prohibits discretionary clauses in insurance contracts and related documents, strips the LTD Policy of its discretion-conferring language and triggers *de novo* review.  Section 2001.3 provides:

> No policy, contract, certificate, endorsement, rider application or agreement offered or issued in this State, by a health carrier, to provide, deliver, arrange for, pay for or reimburse any of the costs of health care services or of a disability may contain a provision purporting to reserve discretion to the health carrier to interpret the terms of the contract, or to provide standards of interpretation or review that are inconsistent with the laws of this State.

50 Ill. Admin. Code § 2001.3 (2010); 29 Ill. Reg. 10172.  Standard disagrees; arguing that Section 2001.3 is inapplicable because its policy was not "offered or issued" in the State of Illinois.

2

In support of her position, Plaintiff relies on *Curtis v. Hartford Life & Accident Ins. Co*., 2012 WL 138608, at *1 (N.D. Ill. 2012).  Defendant Standard counters that *Curtis* is distinguishable.  The Court agrees with the defendant.

In *Curtis*, the plaintiff sought to recover long-term disability benefits under an employee welfare benefits plan subject to ERISA and argued that Section 2001.3 banned the policy's discretionary clause.  *Id*. at *2.  In determining whether Section 2001.3 applied to the policy, the *Curtis* court first looked to the policy itself which had been issued and delivered by Hartford Life and Accident Insurance Company ("Hartford') to Children's Memorial Hospital (the "Hospital") for insurance coverage for employees of the Hospital in the State of Illinois.  *Id*. at *6-7.  Later, the Hospital became a participating member of a trust located in Delaware.  *Id*.  In 2008, Hartford delivered a policy of insurance in Delaware to the trust as policyholder.  *Id*.  However, the Hospital negotiated the policy from Illinois, the policy applied only to Hospital employees working in Illinois, and the Hospital paid the premiums.  *Id*.  Based on these facts, the court concluded that the policy was "offered" in Illinois and, as such, Section 2001.3 invalidated the discretionary clause.  Accordingly, the court applied the *de novo* standard of review.  *Id*. at * 8.

Here, Genco, a Delaware corporation with its principal place of business in Pennsylvania, negotiated the Standard policies insuring the Genco Plan in Pennsylvania (*see* Doc. 30-1).  All negotiations and decision-making regarding the LTD Policy occurred outside the State of Illinois.  *Id*.  The LTD Policy and its associated Certificates of Insurance were delivered by Standard to Genco in Pennsylvania.  *Id*.  Genco paid all the premiums from its Pennsylvania office.  *Id*.  In light of these uncontroverted facts, the Standard Insurance LTD Policy was not "offered or issued" in the State of Illinois within the meaning of Section 2001.3.

3

Accordingly, this Court will review Standard's decision to deny Plaintiff's disability benefits under the arbitrary and capricious standard. Further, as the Court finds no good cause for Plaintiff's Motion for Tolling of the Discovery Schedule, it is **DENIED**.

**IT IS SO ORDERED.**

**DATED:  April 26, 2016**

<u>s/ Staci M. Yandle</u>
**STACI M. YANDLE**
**United States District Judge**